# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

|   |   |   |
|---|---|---|
| JA QURE AL-BUKHARI, : | | |
| Plaintiff, : | | |
| : | | |
| v. : | No. 3:16-cv-1267 (SRU) | |
| : | | |
| DEPARTMENT OF CORRECTION, et al., : | | |
| Defendants. : | | |

## INITIAL REVIEW ORDER

Plaintiff Ja Qure Al-Bukhari, currently incarcerated at Northern Correctional Institution in Somers, Connecticut, filed this case *pro se* under 42 U.S.C. § 1983. Al-Bukhari alleges that the defendants violated his First Amendment right to freely exercise his religion and his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, by denying him religious books. Al-Bukhari names as defendants the Department of Correction, Warden Edward Maldonado, Captain Robles, Counselor Morrison and Correctional Officer Melendez. The complaint was scanned at the correctional facility and was received by the court on July 27, 2016. Al-Bukhari's motion to proceed in forma pauperis was granted on August 17, 2016.

Under section 1915A of Title 28 of the United States Code, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, I assume the truth of the

allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[p]ro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

I.  Allegations

On June 28, 2016, Al-Bukhari was transferred to Northern Correctional Institution ("Northern"). On July 1, 2016, defendant Melendez delivered some of Al-Bukhari's personal property. Although he delivered several legal and religious books, he did not deliver Al-Bukhari's Quran and other Islamic books. When Al-Bukhari complained, defendant Melendez told Al-Bukhari that the withheld books were hard-covered and had to be "grandfathered" into the facility and approved by defendant Robles.

Al-Bukhari wrote numerous inmate requests to defendants Maldonado, Robles, Morrison and Melendez concerning his religious books. The defendants failed to properly address his requests and take corrective action. Al-Bukhari was previously confined at Northern from

November 19, 2015 through May 3, 2016. During that time he was permitted to have the Quran and the other religious books under the grandfathering provision. Other inmates at Northern generally are permitted to have hard-covered religious books.

II.     Analysis

Al-Bukhari includes three counts in his complaint: (1) all defendants have substantially burdened his religious exercise by not timely giving him the religious books in violation of the First Amendment; (2) all defendants have violated his right to free exercise of religion in violation of RLUIPA; and (3) defendants Department of Correction and Maldonado have violated his rights under the First Amendment by creating or allowing the continuance of a policy under which he was denied his right to freely exercise his religion and failed to adequately supervise and train subordinates.

Al-Bukhari names the Department of Correction as a defendant. The Department of Correction is a state agency and, therefore, not considered a person within the meaning of section 1983. *See Will v. Michigan Dep't of Police*, 491 U.S. 58, 70-71 (1989); *see also Francilme v. Department of Correction*, 2014 WL 5420789, at *3 (D. Conn. Oct. 22, 2014) (holding that Department of Correction is not a person within the meaning of section 1983). Thus, all claims against the Department of Correction are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

The First Amendment guarantees the right to free exercise of religion. Prisoners do not relinquish that right when they are incarcerated. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987) ("Inmates clearly retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." (internal citations omitted)). A prisoner's First Amendment right to free exercise of religion, however, is not absolute. It is

"subject to valid penological concerns, including those relating to institutional security." *Johnson v. Guiffere*, 2007 WL 3046703, at *4 (N.D.N.Y. Oct. 17, 2007). Thus, I must balance the prisoner's right to exercise his religion against the state's interest in administering the prison system. *See Ford v. McGinnis*, 352 F.3d 582, 588 (2d Cir. 2003).

Al-Bukhari alleges that the denial of his Quran and other religious books violated his First Amendment right to religious exercise and his rights under RLUIPA. He challenges both the actual deprivation of his religious materials and the warden's continuation of the policy under which the books were withheld. I cannot balance the competing interests without further development of the record. Accordingly, those claims will proceed at this time.

IV. Conclusion

All claims against the Connecticut Department of Correction are DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1). The First Amendment, RLUIPA and supervisory liability claims will proceed against defendants Maldonado, Robles, Morrison and Melendez.

The Court enters the following orders:

(1) **The Clerk shall** verify the current work addresses for defendants Maldonado, Robles, Morrison and Melendez with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet containing the Amended Complaint to each defendant at the confirmed address within **twenty-one (21) days** of this Order, and report to the court on the status of the waiver request on the thirty-fifth (35) day after mailing. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on him in his individual capacity and the defendant shall be

4

required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2) **The Clerk shall** prepare a summons form and send an official capacity service packet to the U.S. Marshals Service. The U.S. Marshal is directed to effect service of the complaint on defendants Maldonado, Robles, Morrison and Melendez in their official capacities at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, within **twenty-one (21) days** from the date of this order and to file a return of service within thirty (30) days from the date of this order.

(3) **The Clerk shall** send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(4) **The Clerk shall** send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(5) The defendants shall file their response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver forms are sent. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above. They also may include any and all additional defenses permitted by the Federal Rules.

(6) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(7) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(8) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9) If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court. Failure to do so can result in the dismissal of the case. The plaintiff must give notice of a new address even if he is incarcerated. The plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. The plaintiff should also notify the defendant or the attorney for the defendant of his new address.

(10) The plaintiff shall utilize the Prisoner Efiling Program when filing any document with the Court.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 17th day of May 2017.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge