UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JA QURE AL-BUKHARI, : | | |
| Plaintiff, : | | |
| : | | |
| v. : | NO. 3:16-cv-1267 (SRU) | |
| : | | |
| DEPARTMENT OF CORRECTION, et al., : | | |
| Defendants. : | | |

**ORDER DISMISSING AMENDED COMPLAINT**

Ja Qure Al-Bukhari, currently incarcerated at Northern Correctional Institution in Somers, Connecticut, filed this case pro se under 42 U.S.C. § 1983. Al-Bukhari alleges that the defendants violated his First Amendment right to freely exercise his religion and his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, by denying him religious books. On August 31, 2016, Al-Bukhari filed an amended complaint.

Under section 1915A of Title 28 of the United States Code, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that leave to amend should be freely granted when justice so requires. *See Turner v. Boyle*, ___ F. Supp. 3d ____, 2015 WL 4393005, at *27 (D. Conn. July 15, 2015) (noting that the

Second Circuit encourages district courts "to allow *pro se* parties to amend their pleadings 'when justice so requires'"). However, the district court retains the discretion to grant or deny leave to amend. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).

The original complaint concerns the denial of Al-Bukhari's religious books following his transfer to Northern Correctional Institution in June 2016. The amended complaint spans the period from December 2015 through July 2016 and seeks to add claims for promoting the Christian religion by permitting employee holiday parties, denying inmate mental health and medical requests during holiday parties, denial of religious accommodations regarding performing various cleansing rituals, denial of Halal foods, and requiring him to walk to the shower while naked.

The amended complaint must comply with Rule 20's requirements governing party joinder. Fed. R. Civ. P. 20(a)(2). Rule 20(a)(2) permits the joinder of multiple defendants in a single action if two criteria are met: first, the claims "aris[e] out of the same transaction, occurrence, or series of transactions and occurrences"; and second, "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

"What will constitute the same transaction or occurrence under the first prong of Rule 20(a) is approached on a case by case basis." *Kehr ex rel. Kehr v. Yamaha Motor Corp., U.S.A.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (citation omitted). As the Second Circuit has observed in the Rule 13 context,[1] whether a counterclaim arises out of the same transaction as the original claim depends upon the logical relationship between the claims and whether the

"essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Harris v. Steinem*, 571 F.2d 119, 123 (2d Cir. 1978).

The new claims are unrelated to the discrete claim in the original complaint. Although the new allegations relate to religion, they are not factually related to the original claim. In addition, the new defendants are unrelated to the original claim. Because the new claims do not "aris[e] out of the same transaction, occurrence, or series of transactions and occurrences," Fed. R. Civ. P. 20(a)(2), as the original claim, the amended complaint fails to comply with Rule 20.[2] Thus, those claims are better pursued in a separate action.

The amended complaint [**Doc. #9**] is hereby **DISMISSED** as improperly filed in this case. The case will proceed only on the claim in the original complaint. If Al-Bukhari wishes to proceed on the additional claims, he should do so in a separate case.

**SO ORDERED** this 17th day of May 2017 at Bridgeport, Connecticut.

    /s/STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge

---

[1] "In construing the term 'transaction or occurrence' under Rule 20, many courts have drawn guidance from the use of the same term in Rule 13(a), applying to compulsory counterclaims." *Barnhart v. Town of Parma*, 252 F.R.D. 156, 160 (W.D.N.Y. 2008) (citation omitted).

[2] The court notes that Rule 20 is becoming increasingly important to district courts tasked with reviewing prisoner's complaints pursuant to 28 U.S.C. § 1915A. As two commentators have noted:
> In the past, courts did not always pay much attention to this rule. However, nowadays they are concerned that prisoners will try to avoid the filing fee and "three strikes" provisions of the Prison Litigation Reform Act (PLRA) by joining claims in one complaint that really should be filed in separate actions which require separate filing fees and would count as separate "strikes" if dismissed on certain grounds.

John Boston & Daniel E. Manville, Prisoners' Self-Help Litigation Manual 348 (4th ed. 2010) (collecting cases).