# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| JA-QURE AL-BUKHARI, *also known as* JEROME RIDDICK, Plaintiff, | : : : : |
| v. | : No. 3:16-cv-1267 (SRU) |
| DEPARTMENT OF CORRECTION, et al., Defendants. | : : : : : |

## RULING ON PENDING MOTIONS

On July 17, 2016, Ja Qure Al-Bukhari a/k/a Jerome Riddick, a Connecticut Department of Correction inmate, filed a complaint *pro se* under 42 U.S.C. § 1983 against several officials of the Connecticut Department of Correction for violating his right to freely exercise his religion under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, by denying him access to particular religious books. I issued an Initial Review Order on May 17, 2017 permitting his First Amendment and RLUIPA claims to proceed against the individual defendants. Initial Review Order, Doc. No. 24. The defendants answered the complaint on August 21, 2017. Answer, Doc. No. 38.

On January 4, 2017, Al-Bukhari filed an "Emergency Order to Show Cause and Temporary Restraining Order," Doc. No. 12, requesting that I order the defendant to (1) remove his leg shackles while he showers, (2) permit water in his cell to run for five minutes at a time to accommodate ritual washing, and (3) permit him to purchase Halal items from the commissary. After reviewing the arguments from both parties, I denied the motion for preliminary injunctive relief because Al-Bukhari did not establish a substantial likelihood of irreparable harm in the absence of such relief. Ruling on Emergency Mot. for TRO, Doc. No. 17. Al-Bukhari filed an

interlocutory appeal, which the Second Circuit Court of Appeals rejected. Mandate, Doc. No. 50.

The following motions are currently pending in this case: (1) Motions for Preliminary Injunctive Relief, Doc. Nos. 39, 40, 44; (2) Motion to Appoint Counsel, Doc. No. 41; (3) Motion to Compel Answer, Doc. No. 43; (4) Motion for Extension of Time to Conduct Discovery, Doc. No. 45; (5) Motion for Extension of Time to File Reply to Motion for Preliminary Injunctive Relief, Doc. No. 47; and (6) Motion to Amend/Correct the Amended Complaint, Doc. No. 49.

A. <u>Motions for Preliminary Injunctive Relief (Doc. Nos. 39, 40, 44)</u>

Al-Bukhari has filed three "Emergency Motion[s] for Order[s] to Show Cause and Temporary Restraining Order[s]" against the defendants. Doc. Nos. 39, 40, 44. The first two motions (Doc. Nos. 39, 40) seek orders requiring the defendants to restore Al-Bukhari's telephone privileges, the loss of which is allegedly depriving Al-Bukhari of his ability to contact attorneys in Connecticut's Inmate Legal Aid Program ("ILAP") for assistance with his pending federal cases. The third motion (Doc. No. 44) seeks an order requiring the defendants to provide Al-Bukhari with his legal books, materials, and case files, which Al-Bukhari claims the defendants are withholding. The defendants have not yet submitted responses to those motions. Thus, I direct the defendants to file written responses to those three motions within **twenty-one (21) days** of the date of this order.

B. <u>Motion for Appointment of Counsel (Doc. No. 41)</u>

On March 16, 2018, Al-Bukhari filed a motion for the appointment of counsel to represent him in the instant case and in several other cases currently pending in this court. Mot. for *Pro Bono* Appointment of Counsel, Doc. No. 41. In the case caption of that motion, Al-Bukhari includes the name of this case and the case numbers of six other cases. The listed cases

are at different procedural stages. The procedural posture of a case influences whether appointment of counsel is appropriate. *See Holmes v. New York City Dep't of City Wide Admin. Servs.*, 2015 WL 1958941, at *1 n.3 (S.D.N.Y. Apr. 30, 2015) (noting that court considered procedural posture of case and standard governing appointment of counsel in denying request). Therefore, Al-Bukhari's motion for appointment of counsel (Doc. No. 41) is **DENIED** without prejudice to refiling with an explanation why appointment of counsel is warranted in this particular case.

    C.  <u>Motion to Compel (Doc. No. 43)</u>

On April 2, 2018, Al-Bukhari filed a motion to compel the defendants to send him a copy of their answer to the complaint. Mot. to Compel, Doc. No. 43. Although the defendants certified that their answer "was filed electronically [and served by mail on anyone unable to accept electronic filing];" Answer at 5; Al-Bukhari claims that he never received a copy of the answer. Al-Bukhari's motion (Doc. No. 43) is **DENIED**, but the Clerk is ordered to mail one copy of the defendant's answer (Doc. No. 38) to Al-Bukhari at his current address.

    D.  <u>Motions for Extension of Time (Doc. Nos. 45, 47)</u>

With respect to his first motion for extension of time (Doc. No. 45), Al-Bukhari seeks an extension of time until January 8, 2019 to conduct necessary discovery. In the motion, however, Al-Bukhari does not explain why the nine-month extension he seeks is warranted in this particular case; again he included three other of his cases in the case caption. Therefore, his motion for extension of time to conduct discovery (Doc. No. 45) is **DENIED** without prejudice to refiling with an explanation why an extension is warranted in this particular case.

With respect to his second motion for extension of time (Doc. No. 47), Al-Bukhari seeks an extension of time to reply to the defendants' opposition to his motion for injunctive relief.

3

(Doc. No. 40). The defendants, however, have not yet responded to Al-Bukhari's motion in this particular case. Therefore, the second motion for extension of time (Doc. No. 47) is **DENIED** without prejudice.

E. Motion to Amend/Correct Complaint (Doc. No. 49)

On April 23, 2018, Al-Bukhari filed a motion to amend/correct his amended complaint. Doc. No. 49. Through his amended complaint, he seeks to add three new defendants: Nick Rodriguez, the current warden at Northern Correctional Institution ("Northern"), Derrick Molden, the current deputy warden, and Correction Officer Collins, the current property officer at Northern. Al-Bukhari asserts that all three of those defendants participated in events that bear a close relationship to the claims in his original complaint. He also seeks to add a claim that Rodriguez, Molden, and former warden Edward Maldonado violated his Fourteenth Amendment right to due process by failing to provide him with adequate notice of the prison regulations and a hearing before depriving him of his religious books. For the following reasons, I will **GRANT** Al-Bukhari's motion to amend his complaint.

A plaintiff may amend his complaint once as a matter of right within twenty-one days after service of the complaint or within twenty-one days after service of a responsive pleading (i.e., answer or motion to dismiss), whichever is earlier. *See* Fed. R. Civ. P. 15(a)(1)(A) and (B); *O'dell v. Bill*, 2015 WL 710544, at *44 (N.D.N.Y. Feb. 18, 2015). In all other cases, the plaintiff may amend his complaint only with the court's leave. Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) of the Federal Rules of Civil Procedure requires that I grant permission to amend a complaint "when justice so requires." "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the

allowance of the amendment, futility of the amendment, etc. – the leave should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). "This relaxed standard applies with particular force to *pro se* litigants. A *pro se* complaint is to be read liberally, and should not be dismissed without granting leave to amend at least once when such a reading gives *any* indication that a valid claim *might* be stated." *Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir. 1999) (emphasis in original; internal quotations omitted).

Al-Bukhari is not entitled to amend his complaint as a matter of right because over eight months have passed since the defendants filed their answer to the initial complaint, but I do not find any reason to deny him permission to submit an amended complaint. The second amended complaint raises the same claims as his initial complaint. The new defendants Al-Bukhari seeks to join to the action allegedly committed the same First Amendment and RLUIPA violations as the existing defendants by depriving Al-Bukhari of the same religious books. Thus, although later in time, the First Amendment and RLUIPA claims against the new defendants were based on the same transaction or occurrence as those against the existing defendants. I will, therefore, permit the First Amendment and RLUIPA claims to proceed against Rodriguez, Molden, and Collins in their individual and official capacities.

Al-Bukhari also seeks to assert a newly-added Fourteenth Amendment claim in his second amended complaint against Maldonado, Rodriguez, Molden, Robles, Morrison, Melendez, and Collins. Although I already issued an order on April 11, 2018 limiting this case to the First Amendment and RLUIPA claims stemming from the denial of religious books, *see* Doc. No. 46, adding a new Fourteenth Amendment claim at this stage of the proceeding would not be prejudicial. The defendants can file an answer to the second amended complaint addressing Al-Bukhari's Fourteenth Amendment claim.

## ORDERS

(1) The defendants are hereby ordered to submit a written response to Al-Bukhari's motions for preliminary injunctive relief (Doc. Nos. 39, 40, 44) within **twenty-one (21) days** of the date of this order.

(2) Al-Bukhari's motion for the appointment of counsel (Doc. No. 41) is **DENIED** without prejudice to refiling with an explanation why appointment of counsel is warranted in this particular case.

(3) Al-Bukhari's motion to compel (Doc. No. 43) is **DENIED**. The clerk is directed to mail one copy of the defendants' answer (Doc. No. 38) to Al-Bukhari at his current address.

(4) Al-Bukhari's first motion for extension of time (Doc. No. 45) is **DENIED** without prejudice to refiling with an explanation why an extension is warranted in this case.

(5) Al-Bukhari's second motion for extension of time (Doc. No. 47) is **DENIED** without prejudice.

(6) Al-Bukhari's motion to amend/correct the complaint (Doc. No. 49) is **GRANTED**. The clerk is directed to docket the second amended complaint as a separate entry. The clerk shall then verify the current work addresses for Warden Nick Rodriguez, Deputy Warden Derrick Molden, and Correction Officer Collins with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet containing the second amended complaint to those defendants at the confirmed addresses within **twenty-one (21) days** of this Order, and report to the court on the status of the waiver requests on the thirty-fifth (35) day after mailing. If Rodriguez, Molden, or Collins fails to return the waiver request, the clerk shall make arrangements for in-person service by the U.S. Marshals Service on him in

his individual capacity and he shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

So ordered. Dated at Bridgeport Connecticut this 23rd day of August 2018.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge